FILED 01 MAY '19 10:53 USDC-ORE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

Peter Barclay

        Plaintiff,

v.

Oregon Department of Justice, Daniel R. Murphy, Glen D. Baisinger

        Defendants,

CIVIL RIGHTS COMPLAINT FOR RELEIF

U.S.C §1983, §1985)

Civ. No.   6:19-cv-00683-AA

(42 U.S.C §1983, §1985)

## INTRODUCTION

1. The Plaintiff is a permanently disabled veteran surviving solely on federal disability benefits.

2. Under the color of law and stripped of all authority over the person, property and subject matter, the Defendants conspired to and committed manifest violations of U.S. sovereignty by orchestrating the theft of the Plaintiff's federal disability benefits.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over actions arising under 42 U.S.C. §§ 1983 and 1985, the Fifth and Fourteenth Amendment to the United States Constitution, Rule 57 of the Federal Rules of Civil Procedure and the Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. Sections 1331, 1343.

4. Venue is proper in this Court pursuant to 18 U.S.C. 1965, 28 U.S.C. 1391(b)(1), (b)(2), (e)(1)(A) and (e)(1)(B) because all Defendants reside in this district. Venue is also proper in this Court because all of the events giving rise to the claim occurred in this district; Mr. Barclay lives in this judicial district; all Defendants are present and regularly conducts affairs in this judicial district.

## NATURE OF ACTION

5. This action, brought pursuant to 42 U.S.C. §§ 1983 and 1985 seeks: damages against individuals in such a way as to compensate for damages and serve as an example to others for malicious, evil and particularly fraudulent acts.

6. Through the enactment of the Veteran Judicial Review Act of 1988 and repeal of 42 U.S.C. § 662, Congress stripped states and their family law courts of all authority over the person, property and subject matter for all questions of law and fact that affects the provisions of

benefits to veterans or the dependents or survivors of veterans.

7.  The statutory injunction, 38 U.S.C. § 5301(a)(3)(C), declares any state judgement in violation of 38U.S.C. § 5301 "void from inception". A void judgment being one which from its inception was a complete nullity and without legal effect.

8.  In the recent U.S. Supreme Court case of *Howell v. Howell*, 581 U. S. \_\_\_\_ (2017), the Court held state completely preempted of authority. While the question was presented as one of enforcement of a support award, the Court made expressly clear the only question to be answered was on the legal finality of the "absolutely illegal" decision of the state to divide the disability benefits 14 years prior.

9. Page 24 of the *Howell* hearing transcript

   JUSTICE BREYER: "Suppose it turns out that in time one, we enter a divorce decree. The divorce decree says and in addition, you're going to get half of what Uncle Joe gives Sam, the husband. By that time, it turns out to be --I mean, from the beginning, Uncle Joe leaves property in a form that it's illegal to give to the woman. I can imagine cases."

   "I mean, can the State give money that later on it turns out that it was absolutely illegal to give that person that money? I don't know how that works. I would be very surprised if res judicata in divorce cases says: Okay, I'm sorry, we have a decree here, and then we're going to violate Federal law because the decree violates Federal law, as it turns out."

10.  State courts are authorized disclosure and thus authorized to take the receipt of benefits into consideration when acting upon income or property that are within the court's authority. However, this does not convey an authority to divide disability under the guise of the family law authority to set an award.

11. Page 42 of the *Howell* hearing transcript

   CHIEF JUSTICE ROBERTS: So you have a law that says --you have a law that says you can't divide disability pay, and yet, you say it's okay to say, well, I'm not going to divide it, but I'm just going to award you an amount equal to what it would be if I divided it.
   MS. EISENSTEIN: Well, let me be clear.

> CHIEF JUSTICE ROBERTS: That's the sort of thing that gives, you know, law a bad name. It's just -¬
> (Laughter.)
> CHIEF JUSTICE ROBERTS: It makes a charade out of the statute.

12. The Court held, their previous cases and the statute made the question of legal finality CLEAR, "All such orders pre-empted". The Court then made specific point to hold "a fortiori" that the manifest violation of U.S. sovereignty threatens grave damage to the enlistment services of Congress.

13. "The basic reasons *McCarty* gave for believing that Congress intended to exempt military retirement pay from state community property laws apply a fortiori to disability pay. See 453 U. S., at 232–235 (describing the federal interests in attracting and retaining military personnel)." *Howell v. Howell*, 581 U. S. \_\_\_\_ (2017)

14. "This inquiry, however, need be only a brief one, for it is manifest that the application of community property principles to military retired pay threatens grave harm to 'clear and substantial' federal interests. See *United States v. Yazell*, 382 U.S. at 382 U. S. 352.", *McCarty v. McCarty*, 453 U.S. 210, (1981)

15. "Thus, the conclusion that we reached in *Hisquierdo* follows a fortiori here: Congress has weighed the matter, and '[i]t is not the province of state courts to strike a balance different from the one Congress has struck.' 439 U.S. at 439 U. S. 590.", *McCarty v. McCarty*, 453 U.S. 210, (1981)

16. The difference between the *Howell* case and the Plaintiff's was the assignment of Mr. Howell's disability was made 14 years prior to his award of disability and Mr. Barclay was already in receipt at the time of assignment. While, Mr. Howell had not suffered years of unlawful acts of seizure, the Plaintiff and his family have suffered over a decade from this treason and theft.

## PARTIES

17. Plaintiff, Hon. Peter Barclay is:

    an Honorably Discharged Staff Sergeant of the U.S. Air Force; and rated as 100% permanently and totally disabled by the Department of Veterans Affairs and Social Security Administration; and a citizen of the State of Oregon, currently residing in Albany, Oregon.

18. Defendant Oregon Department of Justice:

    is a state department operating under the color of Oregon laws, is responsible for general counsel and supervision of all civil actions and legal proceedings in which the state is a party or has an interest, is further responsible for the operation of a number of program areas designated by the legislature, such as child support, district attorney assistance, crime victim compensation, charitable activity enforcement and consumer protection services; and is subject to the jurisdiction of this Court.

19. Defendant Hon. Daniel R. Murphy:

    was (retired) a Circuit Court Judge for the Linn County Courts of Oregon, acting individually and under the color of law; and is vested with the judicial powers of the Circuit Courts by the state of Oregon; and resides in Oregon, in this district.

20. Defendant Hon. Glen D. Baisinger:

    was (retired) a Circuit Court Judge for the Linn County Courts of Oregon, acting individually and under the color of law; and is vested with the judicial powers of the Circuit Courts by the state of Oregon; and resides in Oregon, in this district.

## FACTS

21. Mr. Barclay is a permanently disabled veteran solely surviving on his federal disability

benefits from the Department of Veteran' Affairs' and Social Security. This fact has not changed from before the time of assignment to present.

22. During divorce proceedings, in the face of the clearly valid statute and the existing cases of the U.S. Supreme Court, Daniel Murphy and Glen Basinger, usurped authority of the United States, divided and assigned the federal benefits to another party.

23. When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost. *Rankin v. Howard*, (1980) 633 F.2d 844, cert den. *Zeller v. Rankin*, 101 S.Ct. 2020, 451 U.S. 939, 68 L.Ed 2d 326.

24. These orders are in violation of the federal statutory injunction 38 U. S. C. §5301(a)(3)(C). They are void from inception.

25. These orders were sent to the Oregon Department of Justice who has processed and sent garnishments to the Social Security Administration using otherwise legal methods to enforce these criminal orders.

## CLAIMS FOR RELIEF

### COUNT ONE: INTENTIONAL TORT OF THEFT

26. Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth here.

27. "State courts cannot "vest" that which (under governing federal law) they lack the authority to give. Cf. 38 U. S. C. §5301(a)(1) (providing that disability benefits are generally nonassignable)." *Howell v. Howell*, 581 U. S. ___ (2017)

28. Having been divested of all authority over the person, property and subject matter, the defendants subjected the Plaintiff to unlawful processes under the color of law for the purpose of creating an order of payment from the Plaintiff's disability benefits to a third party.

29. This null and void order made in violation of the federal statutory injunction was

disguised as a lawful order and sent to the state DOJ for enforcement.

30. The state then generated and sent the Social Security Office a fraudulent garnishment request under the pretense of lawful authority, 42 U.S.C. § 659.

31. The benefit money's intended for the Plaintiff were then sent to the State.

32. Having stolen the benefit moneys from Social Security under the pretense of a lawful order, the Plaintiff has been denied payment of his benefit funds, causing financial, emotional and psychological damages.

33. "No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." *Ableman v. Booth*, 62 U.S. (21 How.) 506 (1859).

## COUNT TWO: INTENTIONAL TORT OF TREASON

34. 18 U.S.C. § 2388(a) Whoever, when the United States is at war, willfully makes or conveys false reports or false statements with intent to interfere with the operation or success of the military or naval forces of the United States or to promote the success of its enemies; or Whoever, when the United States is at war, willfully causes or attempts to cause insubordination, disloyalty, mutiny, or refusal of duty, in the military or naval forces of the United States, or willfully obstructs the recruiting or enlistment service of the United States, to the injury of the service or the United States, or attempts to do so—

Shall be fined under this title or imprisoned not more than twenty years, or both.

(b) If two or more persons conspire to violate subsection (a) of this section and one or more such persons do any act to effect the object of the conspiracy, each of the parties to such conspiracy shall be punished as provided in said subsection (a). Plaintiff incorporates by reference all

foregoing paragraphs as if fully set forth here.

(c) Whoever harbors or conceals any person who he knows, or has reasonable grounds to believe or suspect, has committed, or is about to commit, an offense under this section, shall be fined under this title or imprisoned not more than ten years, or both.

35.     The level of fear pressed on the civilian population and active serving members against enlistment in the military can be made clear by the Congressional actions of "Stop Loss", retention of soldiers beyond their terms of enlistment, and the recall of veterans to active duty. The reasoning for the need of this action was made clear by Congressional hearings and government studies of suicides and homelessness.

36.     "Homeless veterans report that child support concerns are among their most difficult issues. For example, child support debt can hurt a veteran's credit rating and capability to rent or qualify for housing assistance, as well as obtain employment. A child support order that is not appropriate for the veteran's actual income level can make it difficult to pay for housing expenses." U.S. Dept. Health and Human Services, Administration for Children and Families, Child Support Fact Sheet Series No. 9, Ending Homelessness Among Veterans: The OCSE-VA-ABA Collaboration Project.

37.     "[A] survey of homeless veterans found that three of their top four unmet needs were family related matters: child care, legal assistance for child support, and family reconciliation." U.S. Dept. Health and Human Services, Administration for Children and Families, Assisting Veterans in the Child Support Caseload, DCL-13-25, Published: November 8, 2013

38.     The suicide studies of veterans unanimously agreed the breakdown of the family and the subsequent family law issues are the most common variables in the lives of veterans committing suicide.

39.     See LeardMann CA, Powell TM, Smith TC, et al. Risk Factors Associated With Suicide

in Current and Former US Military Personnel. JAMA. 2013;310(5):496-506. doi:10.1001/jama.2013.65164. Kaplan, Mark S et al. "Suicide among Male Veterans: A Prospective Population-based Study." Journal of Epidemiology and Community Health 61.7 (2007): 619–624. PMC. Shekelle P, Bagley S, Munjas B. Strategies for Suicide Prevention in Veterans. Washington (DC): Department of Veterans Affairs (US); 2009 Jan. Han K. Kang, Dr.P.H., and Tim A. Bullman, M.S.,Mortality among U.S. Veterans of the Persian Gulf War, N Engl J Med 1996; 335:1498-1504, November 14, 1996, DOI: 10.1056/NEJM199611143352006

40. The controversy and detriment to the mental state of servicemembers was so pervasive it was used as the plot of the movie "Stop Loss" 2008, Director Kimberly Peirce, Writers: Mark Richard and Kimberly Peirce, MTV Films.

41. The defendants, in the face of the clearly valid statutes and the existing cases of the U.S. Supreme Court warning these types of illegal acts threaten grave damage, acted in collusion with demonstrated intent to willfully obstruct the enlistment services of Congress by violating the Plaintiff's enlistment contract causing damages to the United States and the Plaintiff.

## COUNT THREE: DUE PROCESS RIGHTS OF SERVICEMEMBERS, THEIR DEPENDENTS AND SURVIVORS

42. Congress expressly stated the purpose of the Veteran Judicial Review Act of 1988 was to divest state courts of all authority over the benefit decisions for veterans, their dependents and survivors. Thereby removing claims from the adversarial conditions of a family law setting and placing them exclusively under a federally controlled adjudication system. H.R. Rep. No. 100-963, at 19-22 (1988); reprinted in 1988 U.S.C.C.A.N.

43. In 2009, the Federal Circuit, *Cushman v. Shinseki*, 576 f.3d 1290, held that applicants for veterans' benefits have a constitutionally protected property interest to benefits and in their legal

claims for benefits. Accordingly, such applicants are entitled to constitutionally prescribed procedures in connection with their claims for benefits under the terms of the Fifth and Fourteenth Amendments to the United States Constitution.

44. The Plaintiff has a constitutional right to have his benefits adjudicated solely by this exclusive system and solely by authorized individuals. The Plaintiff has a constitutional right in any claim to his benefits, *Cushman v. Shinseki*, 576 f.3d 1290 (Fed. Cir. 2009).

45. The Defendants violate the Plaintiff's due process rights by refusing to use prescribed procedures and subjecting the Plaintiff to unlawful process and making decisions under the color of law over the sovereignty of the United States for the waivers of federal benefits.

## COUNT FOUR: VIOLATION OF 42 U.S.C. § 1983

46. Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth here.

47. Defendants' acts were taken individually and under color of state law.

48. Such conduct deprives Plaintiff of numerous rights secured by the Due Process, Equal Protection Clauses of the Fifth and Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

## COUNT FIVE: VIOLATION OF 42 U.S.C. § 1985

49. Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth here.

50. 42 U.S.C. § 1985 (3) provides a civil cause of action for any person who is injured in his person or property by reason of "two or more persons in any State or Territory conspir[ing] or go[ing] in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within

such State or Territory the equal protection of the laws."

51. Plaintiff alleges that the defendants individually conspired to deny the Plaintiff's civil rights on the basis of disability and Servicemember and from securing the Plaintiff's equal protection of rights to liberty and property under the law.

## IRREPARABLE INJURY AND DAMAGES

52. Plaintiff incorporates by reference all foregoing paragraphs as if fully set forth here.

53. Plaintiff has been and continues to be severely and irreparably injured by the actions of the defendants.

54. Plaintiff's injuries as a result of these actions include legal fees, severe humiliation, defamation to himself and military heritage, damages to property, honorable service and distinctions, emotional distress, serious bodily injury, pain, suffering, psychological harm, stigma, the loss of support for his needs because of his injuries, the loss of support to provide for his family living with him and the inability to have society accord him and his family the same respect and dignity enjoyed by other individuals.

55. The damages from injuries and deprivations continue today and are expected to continue indefinitely into the future. Plaintiffs request that treble damages be awarded, as permitted under the law and based on the outrageous conduct of the Defendants. Plaintiffs request compensatory and punitive damages against Defendants for the intentional torts and for violations of the Plaintiffs civil rights.

## PRAYER FOR RELIEF

56. WHEREFORE, Plaintiff, Peter Barclay, prays for judgment against the Defendants as follows:

    a. For compensatory and general damages in an amount according to proof;

b. For past and future medical, incidental, and service expenses according to proof;

c. For pre- and post-judgment interest on all damages as allowed by the law;

d. For costs of suit incurred herein;

e. For attorney fees under existing law; and

f. For such other and further relief as the Court may deem just and proper.

PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

Respectfully Submitted,

PETER BARCLAY

By _/s/ Peter Barclay_

On April 29, 2019

5227 Mallard Cir. SW
Albany, Or 97321
541-967-6843