IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| PETER BARCLAY,<br><br>    Plaintiff,<br><br>vs.<br><br>OREGON DEPARTMENT<br>OF JUSTICE, DANIEL R.<br>MURPHY, GLEN D. BAISNGER,<br><br>    Defendants. | Case No. 6:19-cv-00683-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Plaintiff Peter Barclay seeks leave to proceed *in forma pauperis* ("IFP"). For the reasons below, the Complaint (doc. 1) is DISMISSED with prejudice, plaintiff's IFP Petition (doc. 2) is GRANTED, and plaintiff's Motion for Appointment of Pro Bono Counsel (doc. 6) is DENIED.

## STANDARDS

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP

statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to that relief. 28 U.S.C. § 1915(e)(2)(B).

As for the second determination, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted

unlawfully." *Id.* The court need not accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

Plaintiff is a permanently disabled veteran whose sole sources of income are federal disability benefits from the Department of Veterans' Affairs ("VA") and the Social Security Administration ("SSA"). Plaintiff alleges that defendants Daniel Murphy and Glen Basinger are retired state court judges who entered "orders" that "divided and assigned [his] federal benefits to another party" during divorce proceedings. Compl. ¶¶ 22, 23. According to plaintiff, the orders violate 38 U.S.C. § 5301(a), which provides that veterans' benefits are generally non-assignable. Plaintiff also alleges that defendant the Oregon Department of Justice ("ODOJ") has been enforcing the orders by sending garnishment requests to the SSA.

Plaintiff asserts claims for the "intentional tort of theft," "intentional tort of treason" under 18 U.S.C. § 2388(a), violation of plaintiff's due process rights as a servicemember, violation of plaintiff's equal protection and due process rights under

42 U.S.C. § 1983, and violation of 42 U.S.C. § 1985. These claims are dismissed with prejudice because, as explained below, the ODOJ is immune from suit in federal court and the named defendants are entitled to absolute immunity.

I. *Eleventh Amendment Immunity*

ODOJ is state agency. The Eleventh Amendment provides that a state is immune from suit in federal court unless Congress has abrogated the state's immunity by appropriate federal legislation or the state itself has waived it. *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253–54 (2011). This grant of immunity covers not just the state itself, but also the state's agencies. *P. R. Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 144 (1993).

Congress has not abrogated state sovereign immunity in § 1983 or § 1985. *See Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1188 (9th Cir. 2012); *Cerrato v. San Francisco Community College Dist.*, 26 F.3d 968, 972, 975 (9th Cir.1994) (holding that the Eleventh Amendment bars §§ 1983, 1985, and 1986 claims against the states). Nor has ODOJ waived its sovereign immunity from suit in federal court. The Oregon Tort Claims Act (OTCA) does provide a limited waiver of sovereign immunity, but it does not waive the state's Eleventh Amendment immunity from suit in federal court. *Estate of Pond v. Oregon*, 322 F. Supp. 2d. 1161, 1165 (D. Or. 2004). Instead, suits against the state under the OTCA must be brought in state court. *Id.*

II. *Judicial Immunity*

Daniel Murphy and Glen Basinger are now-retired state court judges who served in the Linn County Circuit Court. Although the Complaint does not clearly

explain their roles, Judge Murphy and Judge Basinger appear to have presided over plaintiff's divorce proceedings in some capacity and to have entered orders that caused ODOJ to garnish plaintiff's social security benefits. Plaintiff's claims against these defendants appear to stem from that circumstance.

State court judges are entitled to absolute immunity from claims for damages based on their handling of judicial proceedings. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). The only time a judge loses absolute immunity is when he or she (1) "performs an act that is not judicial in nature" or (2) "acts in the clear absence of all jurisdiction." *Id.* Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Id.*

Here, the first exception does not apply because plaintiff's claims against Judge Murphy and Judge Basinger are based on their conduct while presiding over divorce proceedings, specifically by entering either child- or spousal-support orders. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978) (a "judicial act" is one that "is a function normally performed by a judge" when the parties "dealt with the judge in his [or her] judicial capacity").

Similarly, the second exception does not apply because the allegations do not show a complete absence of jurisdiction. When assessing judicial immunity, courts construe jurisdiction "broadly." *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (per curiam). The focus is on the court's subject-matter jurisdiction over the dispute. *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1302 (9th Cir. 1989). Thus, lack of jurisdiction means a lack of power to hear or determine the case. Here,

plaintiff asserts that Judge Murphy and Judge Basinger had no authority to assign his federal disability benefits to another party. But even accepting that allegation as true, plaintiff has, at most, shown that the judges acted in *excess* of their jurisdiction, which is not enough to strip them of judicial immunity.

In sum, plaintiff's claims against ODOJ and the named defendants are barred by sovereign and judicial immunity. Because these defects cannot be cured by amendment, dismissal with prejudice is appropriate.

## CONCLUSION

Plaintiff's IFP Petition (doc. 2) is granted, the Complaint (doc. 1) is DISMISSED with prejudice, the Motion for Appointment of Pro Bono Counsel (doc. 6) is DENIED.

IT IS SO ORDERED.

Dated this 13th day of August 2019.

_____
ANN AIKEN
United States District Judge