IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

PETER BARCLAY,

    Plaintiff,

vs.

OREGON DEPARTMENT
OF JUSTICE, DANIEL R.
MURPHY, GLEN D. BAISNGER,

    Defendants.

Case No. 6:19-cv-00683-AA
**OPINION AND ORDER**

AIKEN, District Judge:

Plaintiff Peter Barclay has filed a motion under Federal Rule of Civil Procedure 59(e) seeking reconsideration of this Court's August 21, 2019 Order (doc. 7) and Judgment (doc. 8) dismissing his complaint with prejudice.

Reconsideration under Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACanS, Inc.*, 5 F.3d 1225, 1263 (9th Cir. 1993).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.* (emphasis in original).

Plaintiff asserts that the Court clearly erred when it concluded named defendants were entitled to absolute judicial immunity. Plaintiff acknowledges that both judges "previously presided over his divorce case and entered judgments that divided his federal benefits," and that the arguments attached to his complaint were "not contesting the first exception to judicial immunity." Mot. for Recon. (doc. 9) at ¶10. Instead, plaintiff's motion focuses on the Court's conclusion that the allegations and arguments in the complaint did not show that the judges acted in the clear absence of all jurisdiction, but rather, at most, demonstrated that defendants acted in excess of their jurisdiction.[1]

First, plaintiff cites the following excerpt from the University of Cornell Legal Information Institute webpage on Judicial Immunity:

> *Bradley v. Fisher*, 80 U.S. 335, 351 (1872). The Court offered a hypothetical example of the distinction. A judge of a probate court who held a criminal trial would act in clear absence of all jurisdiction over the subject matter, whereas a judge of a criminal court who held a criminal trial for an offense that was not illegal would act merely in excess of his jurisdiction. *Id.* at 352.

---

[1] The complaint included plaintiff's legal assertions that state courts have no authority to divide federal disability benefits, regardless of which agency those benefits come from, if the beneficiary is a veteran.

Page 2 – OPINION AND ORDER

Mot. for Recon. at 3. That example supports the Court's conclusion. Like the hypothetical criminal court judge who made a legal error in a case that the judge had authority to hear, the judges in this case had authority to preside over plaintiff's divorce proceeding and issue child and spousal support orders and, at most, erred by ordering plaintiff to pay child or spousal support from a source that they were not authorized to apportion – his federal benefits. See ORS 107.105 (allowable contents of a divorce decree).

Second, the veterans' benefits cases and statutes that plaintiff cites to support his motion, including *Howell v. Howell*, \_\_U.S.\_\_, 137 S. Ct. 1400 (2017), concern the merits of plaintiff's legal position that he cannot be ordered to pay child or spousal support from his federal benefits. The cases are not relevant to the issue of whether named defendants acted in complete absence of all jurisdiction for purposes of the judicial immunity analysis.

Therefore, this Court's order was not in error.

## CONCLUSION

Plaintiff's Motion for Reconsideration (doc. 9) is DENIED.

IT IS SO ORDERED.

Dated this 7th day of January 2020.

_____
ANN AIKEN
United States District Judge